OPINION OF THE CoüRT.
THIS is an ejectment, in which there was a verdict and judgment in favor of the defendant in error who was the lessor of the plaintiff. The record states that the following point was reserved - on the triál, to wit:
“ In the progress of the cause, the plaintiff offered to read to the jury the following deed from Prince and Ramsey to F. C. Sharp, to which the defendant (now plaintiff) objected, andthe point being argued, the court look time to consider.” On a subsequent day of the term, the court determined that the law on the point reserved, was for the plaintiff below, and gave judgment accordingly. The deed referred to is spread upon the record, and is executed and acknowledged by Prince and Ramsey and is duly recorded, and no valid objection appears to its authentication. It, however, recites that “the justices forming the county court of Livingston had appointed the said Prince and Ramsey to sell and convey all their right and title in and to certain tracts or parcels of land, part of the donation of seminary lands, allowed by law to the aforesaid justices for the use of a seminary of learning, toa contract made by the said court with the said Ramsey.” It further states, that said “ Prince and Ramsey, for and on behalf of said justices, conveyed” the land. The conveyance in*-other respects uses the usual words of alienation, contains a description of the land as a tract patented to said justices by a patent of a certain date, and concludes with a clause or clauses of warranty.
The admission of this deed is assigned as the only error, and it has been contended in argument, that the justices of the county court had no authority to sell the lands granted to them by the state for seminaries of learning, and if they had, the mode of conveying is not pointed out;, and that at all events, a valid conveyance could *16 not be made by commissioners thus appointed to éón» vey, on behalf of the court.
These are questions of some moment, and deserve'at» tcntion. But the plaintiff in error has not so shaped his case, as to impose upon us the necessity of now deciding them. He has not told us by any part of the record, what kind of title his adversary gave in evidence, for the purpose of recovering the possession of the land. He has not shewn whai title papers, or whether any preceded or followed this deed, in the progress of testimony, nor has he exhibited his owh attitude, or shewn whether he was a lessee or a stranger. An ejectment is a possessory remedy, in which the rigid of possession is tried, and in which deeds may be given in evidence for many purposes; sometimes to shew the extent of claim only; sometimes to rebut the opposing evidence; and often the title papers of strangers, who hold adjoining lands, may be used, although they pass no title, to identify and fix objects upon the ground. Besides, although the plaintiff’s title may be wholly invalid, the defendant may not be in a situation to contest it; but may be estopped by a lease or' some written acknowledgment. In such cases, deeds passing no title may be frequently introduced. The deed, therefore, in this case might have been admitted properly even if nothing was conveyed thereby, and in acting upon a principle, often repeated by this court and more often disregarded by litigants, to wit, that we must presume the inferior tribunal to have acted right until it is known to have acted wrong, and that he who complains must prove the error, we cannot say that the court below erred. It is true, that it appears from this record probable that the plaintiff below gave in evidence this deed as a title to recover upon. But this is not enough. Certainty of error is requisite, before we reverse a judgment. Were we to take the survey, patent,deeds and other documents,which the clerk has crowded into this record, it might be sufficient. But these the clerk had no authority to copy and place there. It is one instance out ef numbers, presented in this court, where clerks copy into common law causes all papers on file very improperly, although such papers have never been incorporated with the record by any act of tiie court. We, therefore, cannot notice them as aid- *17 iOg the case of the plaintiff in error, and he haá failed to shew that.the judgment is erroneous.
It must, therefore, be affirmed with costs.'